NOTE. — HOWARD, J., having been of counsel, did not act in the decision of this case.

## McKeen *versus* Gammon.

By intendment of the R. S. chap. 1, sect. 3, rule 22, relationship, within the sixth degree, is an *interest*, which disqualifies a person for deciding upon rights, wherein he is so related to one of the parties.

In the levy of an execution upon land, the officer's return that the appraisers were disinterested is, in legal effect, an affirmation that they were not within the sixth degree of relationship to either of the parties.

As between the parties to the levy, such an affirmation must be taken as true, and cannot be controverted.

The remarks of counsel, in the progress of a trial, are not to be regarded as an admission, by which the rights of his client should be determined.

A debtor's life estate in land belonging to his wife passes to the creditor, by a levy of the fee.

In an action of trespass against the debtor for entering and cutting trees upon such land, the damage which the creditor is entitled to recover, will not extend to trees belonging to the inheritance, the cutting of which by the creditor would be waste.

ON REPORT from *Nisi Prius* term, SHEPLEY, C. J. presiding.

TRESPASS for entering and cutting trees upon the plaintiff's land.

The land had been conveyed to the defendant's wife. The plaintiff's counsel asserted that the defendant had paid a part of the consideration money. The plaintiff levied and set off the land to himself, *in fee*, upon an execution against the defendant. The defendant refused to appoint an appraiser.

McKeen *v.* Gammon.

The officer's return stated that the appraisers were disinterested men; but it is to be considered as proved, that one of them was uncle to the defendant's wife, if proof of such fact would be admissible against the plaintiff's objection. A part of the land was cultivated; the residue was in its natural state, covered by a growth of trees. The defendant, by authority of his wife, entered upon the land and cut trees; but it did not appear that he entered upon the cultivated part.

The case was submitted to the Court for decision. If the plaintiff can sustain the suit, and is entitled to recover any thing more than nominal damages, the amount is to be ascertained by a jury.

*Hammons*, for the plaintiff.

*Gerry*, for the defendant.

I. The levy was void, one of the appraisers having been related by affinity, within the sixth degree, to the defendant. R. S. chap. 1, sect. 3, rule 22.

This relationship is proveable by parol. The officer's return, that the appraisers were "disinterested," does not preclude the defendant from introducing such proof. The return is conclusive only of such facts as it alleges. Its affirmation that the appraiser was disinterested, is not, in effect, an affirmation that the relationship did not exist. Such relationship is an independent fact, not controlled by the officer's return. 14 Pick. 123; 11 Maine, 491; 6 Maine, 350.

It has been urged, on the other side, that interest is inferrable from relationship, and that, therefore, the officer's denial of the appraiser's interestedness, is equivalent to a denial of the relationship. . But we hold that such an inference cannot be drawn from the position, even if admitted, that interest is inferrable from relationship.

Because interest may be inferred from relationship, is it true that therefore there can be no relationship, where there is no interest ? Relationship is a disqualification, as much as interestedness is, and is no more merged in the term interestedness, than the latter term merges the "discretion" which is also required by the statute.

McKeen *v.* Gammon.

Three qualifications are requisite, disinterestedness, discretion, and the absence of relationship. How can the officer's return, that a man possesses two of these qualifications, be held as an allegation that he also possessed the third? The declaration of the statute is not, that a person related shall be regarded as interested, or that the fact of relationship shall even be evidence of interest. On the other hand, the relationship alone is an absolute disqualification. 11 Maine, 491 ; 30 Maine, 155.

The proof of relationship, therefore, is not in conflict with the officer's return.

Even if the return creates a presumption of all want of relationship, it is but a presumption, and, like other presumptions, may be repelled and overcome by proofs.

II. There is a further reason why, in this suit, the officer's return is not conclusive. The wife of Gammon owns the land. She is the real defendant. A recovery by the plaintiff would be a bar to an action, for the same trespass, brought against her, or against her jointly with her husband. Chit. on Plead. 8th Amer. ed. 88.

The parties to this suit, then, are different from the parties to the levy. In such a case the officer's return may be disproved. 11 Mass. 163 and 463 ; 17 Mass. 433 ; 7 Pick. 551 ; 30 Maine, 155.

III. The plaintiff's counsel declared that, when the land was conveyed to the wife, the defendant paid a part of the consideration money. This admission is to be regarded as a fact in the case. The husband and wife, then, were joint purchasers, the wife holding a part in trust for the husband. The whole would belong to the survivor. A levy made by metes and bounds, as this was, upon the fee of a part only of land held in joint tenancy, is merely void. 2 Paige, 132 ; 14 Mass. 407 ; 5 Mass. 521.

IV. The land belonged to the wife, and the defendant entered and cut the trees by her direction. He did not enter upon the cultivated part of the land. He did nothing which could impair or lessen the plaintiff's pretended right to the

rents and profits under the levy against the husband, who had, on the plaintiff's own hypothesis, but a life estate. The plaintiff had no right to cut the trees, no interest in them. They belonged, not to the life estate, but to the inheritance. There was then no invasion of the plaintiff's rights. By implication of law, there was reserved to her the right to save her own property ; and for that purpose to enter and take the trees, which pertained to the inheritance. The plaintiff's possession, (if any he had,) of the uncultivated part of the land, was a qualified one, limited to the mere purposes of taking wood for fires and for repairs. It was not such a possession as to exclude the reversioner from using that part of the trees which belonged to the reversion. 1 Greenl. 6 ; 10 Mass. 261 ; 14 Mass. 409 ; 17 Pick. 248 ; 19 Maine, 252 ; 2 Kent's Com. 130.

WELLS, J. — It is contended by the defendant that the levy is void, because one of the appraisers was an uncle to the defendant's wife. The statute requires that the appraisers should be discreet and disinterested men, and the officer in his return declares them to be such. His return cannot be controverted by the parties to the levy, but must be taken to be true. *Bamford* v. *Melvin,* 7 Greenl. 14. Appraisers are required to be disinterested, and by statute, c. 1, § 3, rule 22, "when a person is required to be disinterested or indifferent in acting upon any question, in which other parties are interested, any relationship in either of said parties, either by consanguinity or affinity, within the sixth degree, inclusive, according to the rules of the civil law, or within the degree of second cousin, inclusive, shall be construed to disqualify such person from acting on such question unless by the express consent of the parties interested therein."

In accurate language relationship does not imply an interest, but the degree of relationship mentioned in the statute is regarded as an interest. And the officer by declaring that the appraisers were disinterested, does thereby affirm, that they were not within that degree of relationship, which precluded

them from acting. If his return is not true, the remedy is by an action against him for a false return.

It appears that the defendant was not the owner of the estate, upon which the levy was made, in fee, but was seized of it in right of his wife. He had a life estate which could be taken for his debts. It would continue at least so long as both he and his wife might live, and after her death, if he became tenant by the curtesy. It is, in the language of the statute, "the real estate of a debtor in possession," an estate of freehold, although it may not continue any longer than the life of the wife. The levy was made upon the estate as if the defendant were the owner of the fee simple, and the value must have been estimated accordingly. No detriment could accrue to the defendant by allowing him the value of a greater interest in the estate than he possessed. And by statute, chap. 94, § 10, "all the debtor's interest in the premises shall pass by the levy, unless it be larger than the estate, mentioned in the appraisers' description." The declarations of the plaintiff's counsel, upon which reliance is placed, to show that the defendant had a different interest in the premises from what is manifested by the deed to his wife, cannot be regarded as evidence. The remarks of counsel in the progress of a cause are not to be viewed as an admission or agreed statement, by which the rights of his client should be determined. Nor do we mean to be understood as saying, that the statement of the counsel, if received as testimony, would alter the case.

By the levy of the execution the plaintiff was clothed with the seizin of the premises, and he had the possession when the trespass was committed. The entry upon them was a violation of his possession, and the defendant by such unlawful act became a trespasser, and he is bound in law to pay all the damages, which the plaintiff has sustained. The premises were not in a wild and uncultivated state, but were partly cultivated, and partly covered by a growth of trees. The plaintiff, succeeding to all the rights of the defendant, is entitled to those, which are incident to a life estate. He cannot commit waste, but he is entitled to firewood, fencing, and building

materials. But whatever appertains to the inheritance, excepting what the tenant for life may take, belongs to the wife of the defendant, under whose authority he entered. The plaintiff can recover no more damages than he has sustained, nor for the taking and carrying away the property of the defendant's wife. As in the case of a lease, if the lessor fells the trees, the lessee may maintain an action of trespass against him and will be entitled to recover damages adequate to the loss of his particular interest, and also for the entry into his land. But the interest of the body of the trees remains in the lessor, as parcel of his inheritance, who may punish the lessee in an action of waste, if he fells or damages any of them. 1 Cruise, Dig. T. 3, § 16 ; *Lyford's case,* 11 Coke's R. 48, a. It also has been held, that if the creditor injure the inheritance of the wife, where an execution against the husband has been levied upon her land, by cutting down and selling the trees, an action on the case lies against him, in which the husband must join. *Babb & wife* v. *Perley,* 1 Greenl. 6. If then the plaintiff should recover damages for the timber and wood, he would obtain what belongs to the wife of the defendant. But he can recover only the special damages, which he has sustained, for the breaking and entering his close, and for whatever has been carried away, which was necessary for the enjoyment of his life estate. If wood enough for firewood, fencing and building materials, was left in a situation as convenient and easy of access as it was before the trespass, the injury would appear to be confined to the breaking and entering upon the plaintiff's close. Unless the parties agree upon the damages, which are to be assessed upon these principles, they can be settled by a jury.